UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Shante Ellis,<br>Plaintiff,<br><br>v.<br><br>Bath & Body Works, LLC,<br>Defendant. | CASE NO.: 2:24-cv-03584-DCN-MGB<br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.,* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964; and §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (ADA), incorporates §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (Title VII).

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A Charge of employment discrimination on the basis of racial discrimination, disability discrimination, and retaliation was filed with Equal Employment Opportunity Commission ("EEOC").

   b. The Notification of the Right to Sue was received from the EEOC on or about April 16, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Shante Ellis, is a citizen and resident of the State of South Carolina and resides in Charleston County, South Carolina.

4. Defendant, Bath & Body Works, LLC, upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII and the ADA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about August 24, 2021, the Plaintiff (African American) began working for Defendant as a Sales Associate, and more recently as a Key-Holder.

11. On or about December 22, 2022, Plaintiff underwent hip surgery and was out for recovery until on or about March 15, 2023, when Plaintiff was released to return to work under restrictions. Because of this condition, the Plaintiff is a person with a serious medical condition as defined by the ADA.

12. Upon Plaintiff's return to work, she requested reasonable accommodations due to the doctor ordered restrictions.

13. On or about March 19, 2023, Plaintiff was repeatedly asked by her Lisa, Assistant Manager and Virginia Dorsey, Supervisor to do things outside of Plaintiff's accommodations.

14. On or about March 26, 2023, Lisa and Ms. Dorsey requested that Plaintiff mop the floor, which was outside of her doctor ordered restrictions.

15. On March 31, 2023, when Plaintiff advised that she could not perform the asked duties because they were outside her accommodations, Plaintiff was demoted, her hourly rate reduced, hours cut, and no more bonuses. When the Plaintiff asked why she was being demoted and the loss of her other benefits, Ms. Dorsey told the Plaintiff it was due to her lack of flexibility in her hours of work.

16. On April 4, 2023, Plaintiff made a complaint to Human Resources via EthicsPoint Incident Management. Plaintiff reported that not only was she discriminated against and retaliated due to her disability, but her race as well. Plaintiff stated that Ms. Dorsey often asked only African Americans and not any other races, to mop the floors and perform other cleaning duties.

17. At all times relevant to this Complaint, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of Title VII - Racial Discrimination

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and terminated based on her race in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

20. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In demoting Plaintiff and reducing her other benefits due to her race;

   b. In showing preferential treatment to white employees and detrimental treatment to Plaintiff; and

   c. In making the black employees do cleaning and sweeping, but not the white employees.

21. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

22. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

23. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

24. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

25. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

26. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Violation of Title VII - Retaliation

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions as well as other positions and was an exemplary employee in all respects. Upon

reporting the detrimental treatment and discrimination based on her race, Plaintiff was demoted from her position in retaliation for asserting her rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

29. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

30. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

31. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

32. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### Violation of the ADA – Failure to Accommodate

33. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

35. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendant's employ.

36. As a result of her disability, the Plaintiff requested reasonable accommodations per her doctor's ordered restrictions.

37. The Defendant has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

## FOR A FOURTH CAUSE OF ACTION
### Violation of the ADA – Retaliation

38. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

39. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

40. Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

41. Shortly after requesting said accommodations, the Defendant demoted the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

42. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

43. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory demotions; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

44. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## **REQUEST FOR RELIEF**

45. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

46. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5.     Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6.     Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
June 19, 2024.